UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROOT,

               Plaintiff,

vs.

CRAIG HUTCHINSON, *et al.*,

               Defendants.

_____/

Case No. 1:07-cv-951

Hon. Robert J. Jonker

## ORDER

This is a civil rights action brought by a state prisoner. This matter is now before the court on plaintiff's "motion to amend" (docket no. 18). Plaintiff's motion raises three separate matters: (1) a jury demand, (2) the addition of a claim "under the Americans with Disabilities Standard," and (3) the appointment of counsel.

As an initial matter, the court construes plaintiff's "motion" as a demand for a jury trial pursuant to Fed. R. Civ. P. 38(b), which provides that a party may demand a jury trial by "serving the other parties with a written demand . . . no later than 10 days after the last pleading directed to the issue is served." Plaintiff's demand is timely, because the defendants have not filed an answer. Plaintiff's motion as to a jury trial is **GRANTED.** The Clerk of the Court is directed to designate this suit as including a jury demand.

Next, plaintiff desires to add a claim under the American with Disabilities Act. Under Fed. R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Plaintiff's motion is unnecessary, because he may file an amended complaint "as a matter of course" without a motion or court order until

defendants file an answer.  Accordingly, the motion to amend to add an additional claim is **DENIED** as improvidently filed.

Finally, plaintiff asks the court to appoint counsel to prosecute his suit.  Appointment of counsel is within the court's discretion.  *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). As a general rule, trial courts in the Sixth Circuit do not appoint lawyers for indigent pro se prisoners in civil rights cases and prisoner grievance-type cases unless "extraordinary circumstances" exist. *Id.*  No such extraordinary circumstances do not exist in this case.   Accordingly, plaintiff's motion to appoint counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 22, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge